UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALFRED K. CABRAL,

                        Plaintiff,                            **ORDER**

                  - against -                        19 Civ. 6856 (PGG) (KNF)

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

                        Defendant.

PAUL G. GARDEPHE, U.S.D.J.:

        On July 23, 2019, pro se Plaintiff Alfred Cabral filed a Complaint, seeking judicial review, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), of a final decision of the Commissioner of Social Security denying his application for Supplemental Security Income ("SSI") benefits. (Cmplt. (Dkt. No. 2) at 1-2)[1] On July 29, 2019, this Court referred the case to Magistrate Judge Kevin Fox for a Report and Recommendation ("R&R"). (See Order of Reference (Dkt. No. 6))

        On May 9, 2020, Defendant moved for judgment on the pleadings, arguing that the case should be remanded for further development of the administrative record. (Def. Br. (Dkt. No. 16)) As Defendant noted (id. at 5), the administrative Law Judge ("ALJ") found that – when Plaintiff was not engaged in substance abuse – his symptoms did not meet or equal the criteria of a listed impairment and that he retained the residual functional capacity ("RFC") to perform certain light work. (ALJ Hearing Decision (Dkt. No. 10) at 37-39) Defendant concedes that the ALJ's decision must be vacated because the administrative record lacks sufficient

---

[1] Citations to page numbers refer to the pagination generated by this District's Electronic Case Files ("ECF") system.

information to make an informed decision as to the interplay between Plaintiff's substance abuse and his psychiatric symptoms. (Def. Br. (Dkt. No. 16) at 18)  Plaintiff did not oppose Defendant's motion.

On June 30, 2020, Judge Fox issued a 6-page R&R, recommending that this Court grant Defendant's motion for remand. (R&R (Dkt. No. 17))  In his R&R, Judge Fox notifies the parties that they have 14 days from service of the R&R to file any objections, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, and an additional 10 days to account for any delay caused by the COVID-19 pandemic, for a total of 24 days to file written objections. (Id. at 6)  The R&R further states that "[f]ailure to file objections within twenty-four (24) days will result in a waiver of objections and will preclude appellate review." (Id. (emphasis omitted))  Neither side has objected to the R&R.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Where a timely objection has been made to the magistrate judge's recommendations, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Where, as here, no objections are filed to a magistrate judge's R&R – despite clear warning that a failure to file objections will result in a waiver of judicial review – judicial review has been waived. See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); see also Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing Small v.

Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))); see also Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report."). This Court has nonetheless reviewed Judge Fox's R&R for clear error.

In recommending a remand for further development of the administrative record, Judge Fox reasons as follows:

> The defendant concedes that the ALJ committed errors of law by not developing the record and failing to consider certain evidence in the record. Accordingly, the ALJ's decision is erroneous and not supported by substantial evidence. A remand is appropriate "[w]hen there are gaps in the administrative record or the ALJ has applied an improper legal standard," and a reversal is appropriate "when the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose." Parker v. Harris, 626 F.2d 225, 235 (2d Cir. 1980). Since in this case gaps exist in the administrative record and the ALJ committed errors by not developing the record and failing to consider certain evidence, remand is appropriate.

(R&R (Dkt. No. 20) at 5)

This Court sees no error, much less clear error, in Judge Fox's reasoning. See Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted). Accordingly, Judge Fox's R&R is adopted in its entirety.

Defendant's motion for remand for further development of the administrative record is granted. The Clerk of Court is respectfully directed to terminate the motion (Dkt. No. 15), remand this case to the Commissioner of Social Security for further proceedings, and close this case. Copy mailed by chambers.

Dated: New York, New York
       July 27, 2020

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

3